# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Karlos Kowaleski et al,

            Plaintiffs,      Case No. 20-10056

v.                                  Judith E. Levy
                                  United States District Judge

Werner Co (DE),

                                  Mag. Judge R. Steven Whalen

            Defendant.

_____/

**ORDER DENYING PLAINTIFFS' RENEWED MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT [18], DENYING PLAINTIFFS' AMENDED RENEWED MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT [22], AND GRANTING PLAINTIFFS' SECOND AMENDED MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT [26]**

Before the Court are three motions for leave to file a first amended complaint. First, on December 8, 2020, Plaintiff filed a renewed[1] motion for leave to file a first amended complaint, seeking to add Home Depot Inc. ("Home Depot") as an additional defendant. (ECF No. 18.) On January 18, 2021, Plaintiff filed an amended renewed motion for leave to

---

[1] Plaintiff first filed a motion for leave to file a first amended complaint on October 21, 2020. (ECF No. 14.) Plaintiff's motion was stricken pursuant to order of the Court on December 8, 2020, for failure to comply with Local Rule 15.1 by failing to attach the proposed amended pleading to the motion. (ECF No. 17.)

file a first amended complaint. (ECF No. 22.) Plaintiff again sought to add Home Depot as an additional defendant and newly sought to add a claim against Defendant Werner Co (DE) for violation of an express warranty. (*Id.* at PageID.122–123.) On March 16, 2021, a discovery dispute status conference was held by video conference and oral argument was heard. (ECF No. 25.) At that conference, the Court discussed several jurisdictional deficiencies with Plaintiff's proposed first amended complaint with regard to the anticipated new defendant Home Depot. Plaintiff was permitted to file a second amended motion for leave to file a first amended complaint, which Plaintiff subsequently filed on March 24, 2021. (ECF No. 26.)

Leave to amend is to be freely granted by the Court "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Factors that may affect that determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007) (citing *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001)).

Defendant Werner has no objection to the addition of an express warranty claim. (ECF No. 26, PageID.152–153.) Furthermore, the Court finds that adding Home Depot will not cause undue delay or prejudice to Defendant Werner. Accordingly, leave to amend is appropriate under Fed. R. Civ. P. 15(a)(2).

Plaintiff's renewed motion for leave to file a first amended complaint, as well as Plaintiff's amended renewed motion for leave to file a first amended complaint, are DENIED. Plaintiff's second amended motion for leave to file a first amended complaint is GRANTED.

IT IS SO ORDERED.

Dated: June 3, 2021　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 3, 2021.

　　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　　Case Manager