UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Karlos Kowaleski and Kelly Kowaleski,

        Plaintiffs,

v.

Werner Co (DE) and Home Depot USA, Inc.,

        Defendants.

_____/

Case No. 20-10056

Judith E. Levy
United States District Judge

Mag. Judge R. Steven Whalen

## OPINION AND ORDER DENYING DEFENDANT WERNER CO (DE)'s MOTION FOR A PROTECTIVE ORDER [30]

Before the Court is Defendant Werner Co (DE)'s motion for a protective order. (ECF No. 30). In this case, Plaintiffs Karlos Kowaleski and Kelly Kowaleski allege that Mr. Kowaleski injured himself while using a Werner ladder that suddenly broke. Werner seeks a protective order in response to Plaintiffs' request for discovery regarding ladder-failure issues in their MT-13 and MT-17 series ladders, and "costs and attorney fees in favor of Defendant." (ECF No. 30, PageID.252, 254.) Werner argues that there is good cause for a protective order regarding these models, because they are not similar to the ladder Mr. Kowaleski

used and thereby irrelevant to this case. Werner also argues that the discovery sought will be disproportionately burdensome to Werner in comparison to the benefit it may provide to Plaintiffs in this case. For the reasons set forth below, Werner's motion is denied.

I.  Background

Werner manufactures a variety of products, including ladders.[1] (ECF No. 36, PageID.309.) On July 27, 2018, Mr. Kowaleski rented a model MT-26, Mk. 6[2] Werner ladder from Home Depot. (ECF No. 36, PageID.309; *see also* ECF No. 36-8, PageID.342.) Plaintiffs allege that although Mr. Kowaleski "used the ladder for a time without incident," it suddenly broke, causing him to fall and as a result of the fall, he

---

[1] Werner describes the logic of the alphanumeric designations on its products in its motions. (ECF No. 30, PageID.259.) The two-letter prefix "MT" indicates the product "series." The two digits following the series letters denotes the ladder height, in feet. When Werner makes a "significant structural change" MK number increases. Accordingly, an MT-26, MK 6 is an MT-series, twenty-six-foot ladder in its sixth edition.

[2] Plaintiffs claim that Mr. Kowaleski rented a Werner model MT-26, Mk.6 ladder. (*See* ECF No. 27, PageID.213; *see also* ECF Nos. 33,36.) Werner's motion states that the ladder at issue in this case was a "Werner MT-26" in one paragraph, and then writes "[t]he subject model is an MT-13" in the following paragraph. (ECF No. 30, PageID.259.) The Court presumes that the reference to the MT-13 is a typo, as Werner acknowledges that the ladder in this case is an MT-26 in all of its other filings.

sustained "multiple injuries." (ECF No. 27, PageID.214.) Specifically, Plaintiffs state that the ladder straps—horizontal steps between the vertical rails of the ladder—are fastened with a rivet to the rails through a drilled hole. Plaintiffs contend that even when used "well within its weight capacity" the ladder flexes repeatedly, continually stressing the point at the hole in the rail. (ECF No. 36, PageID.311.) According to Plaintiffs, this "caus[es] a crack to start laterally to across the edge of the rail . . . [and] eventually, the crack widens, and when it reaches a point where the un-cracked metal can no longer handle the remaining load, it fractures altogether." (ECF No. 36, PageID.311—12.)

In this case, Plaintiffs lodge claims of breach of implied warranty and express warranty, and negligence against Werner (ECF No. 36, PageID.312–316). They bring other claims against Home Depot.

The motion before the Court follows a previous discovery dispute between Plaintiffs and Werner regarding consumer complaints about ladders of various lengths. (*See* ECF No. 25.) Plaintiffs learned of rail fractures in shorter Werner ladders within the MT series, and sought discovery of incidents of ladder failure involving rail fractures in any ladder in the MT design series including MT-26, MT-22, MT-17 and MT-

3

13, which Werner opposed. *See* Discovery Dispute Correspondence, Mar. 9, 2021(on file with the Court). Following a status conference about the discovery dispute, the Court ordered Werner "to produce [ladder] failure information, specifically with respect to fractures in the rail, for the MT-22 design for the past five years" and allowed Werner to "file briefing objecting to the production of similar failure information with respect to rail fractures for the MT-13 and MT-17 designs." (ECF No. 25.) Thereafter, Werner filed this motion for a protective order. (ECF No. 30.)

Werner has two main arguments in support of its motion. First, it argues that discovery on the MT-13 and MT-17 models is irrelevant to this case. Werner lists certain design differences between the MT-17 and MT-13 series and the MT-26 ladder that Mr. Kowaleski used.[3] (*See* ECF

---

[3] Specifically, Werner provides

> All of these ladders have "inner" and "outer" rails and an articulating locking joint/hinge at the middle of the ladder to essentially "fold" it. The MT-26 is the only size whose inner rails are not rectangular, because the hinge on the MT26 is different than the others, has different spacers and the feet on the MT-26 are completely different. The MT-13 also does not have two riveted straps (where the failure occurred in this case), but only one. Additionally, the MT-26 can be configured to 37 different positions versus 28 for the MT-22, 20 for the MT-17 and 13 for the MT-13.

(ECF No. 30, PageID.262.)

4

No. 30, PageID.253.) Based on these differences, Werner argues that the MT-17 and MT-13 are designed and used in a very different way from the ladder involved in the accident in this case to have rail failures that are relevant to Plaintiff's claims. (*See id.*, PageID.252.) Werner further contends that evidence of fractures in other ladders "at any place other than the rivet hole" is necessarily irrelevant to this case. (*Id.*, PageID.252, 263.)

As to disproportionality, Werner asserts that to provide discovery on the MT-13 and MT-17 ladders, it would need to review each claim related to the ladder, a process that it contends is "is not proportional to the needs of this case and oppressive." (*Id.*, PageID.264; *see also* ECF No. 34, PageID.300–01 (explaining that Plaintiffs' request would require Werner to review "all of the claims" against its ladders, create search parameters, and review the documents).)

Plaintiffs counter that Werner fails to meet its burden that there is "good cause" for a protective order. Plaintiffs argue that "Werner makes no serious effort to establish a lack of proportionality." (ECF No. 33, PageID.291.) Plaintiffs point out that Werner omits any specific information about the burden of previous, similar discovery searches in

this case, such as "the number of hours involved, the number of documents searched, the disruption to the company," suggesting that particular facts about the burden of additional discovery would not aid its argument. (*Id.*, PageID.292.) To the extent the additional review of claims is burdensome, Plaintiffs argue that Werner would comply with their discovery requests more efficiently by providing them with all claims for each ladder length. (*Id.*, PageID.284.) Further, Plaintiffs contend that discovery of rail failures, particularly at the rivet, in ladders with some design differences, is probative of their argument that that the rivet design, and not some other reason, such as ladder length or position, caused the rail failure. (*Id.*, PageID.292–93.)

## II. Legal Standard

Protective orders are governed by Federal Rule of Civil Procedure 26(c)(1), which states in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . .

6

Fed. R. Civ. P. 26(c)(1). The Rule then provides a non-exhaustive list of options a court may choose when crafting a protective order.

"The burden of establishing good cause for [a protective] order rests with the movant." *Lewis v. St. Luke's Hosp. Ass'n*, 132 F.3d 33 (6th Cir. 1997). "To show good cause for a protective order, the moving party is required to make 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 929 (6th Cir. 2019) (quoting *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir 2004)).

Under Federal Rule 37 (a)(5)(A), if a court grants a motion for a protective order, it must, after giving an opportunity to be heard, order payment of reasonable expenses incurred in making the motion to the prevailing party, unless an exception applies. *See* Fed. R. Civ. P. 37(a)(5)(A). If a motion for a protective order is denied, a court may order an award of attorney's fees and expenses, unless the motion was "substantially justified or other circumstances make an award of expense unjust." Fed. R. Civ. P. 37 (a)(5)(B).

## III. Analysis

At this juncture, Werner fails to demonstrate that the proposed additional discovery is disproportionate to the needs of Plaintiffs in this case. Werner's argument about the benefit of discovery of claims about additional ladder models—that rail failures in ladders with design differences are of limited value or no relevance to this case—is logically faulty. As an initial matter, products need not be identical to share "substantially similar" design features. In evaluating whether to allow discovery about accidents other than the one at issue in a design defect case, such as this one, the appropriate inquiry is whether "the substantial similarity between other incidents and the one in question supports a reasonable inference of the existence of a dangerous condition." *Lohr v. Stanley-Bostitch, Inc.*, 135 F.R.D. 162, 165 (W.D. Mich. 1991) (permitting discovery on all lines of products sharing the "features that plaintiff claims caused or contributed to his injury.") Here, Plaintiffs allege that the riveted-vertical rail on the ladder Mr. Kowaleski rented fractured, and Plaintiffs seek discovery of other incidents where the rails have fractured in the same series of ladders. Second, the ladders have many shared design features. (ECF No. 33-1 (listing shared features such as an

8

"adjustable telescoping design," use in "5 different positions," ends of each series of ladder "are flared for firm support," and a "duty rating of 300lb per side" when ladders from each series are used "in the Step Ladder mode.").) Most importantly, Plaintiffs seek discovery about other ladders with straps that are riveted to the rail, the design feature that Plaintiffs allege was the source of cracking in the ladder that Mr. Kowaleski's was using at the time of his accident.

Werner fails to describe the undue burden of additional discovery on rail failures at other ladder lengths "with a particular and specific demonstration of fact." *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 929. Werner contends that discovery about rail failures in other ladder series is, "simply not done by a couple of key strokes," yet, it provides no specific information, such as the estimated hours, cost, or volume of documents this discovery would entail. (ECF No. 34, PageID.300.) Accepting as true that furnishing additional documents is more than a "couple of key strokes," Werner does not state *how* much more. Werner's assertion that additional discovery will require more time and resources is true in virtually every case. Accordingly, this hardship may justify a protective order only when it is articulated with enough specificity for the

9

Court to discern that it outweighs the benefit to the party seeking discovery. *See Nemir*, 381 F.3d at 550 (district court's omission of specific facts supporting its conclusion that the party seeking a protective order would be burdened by discovery abused its discretion in granting the protective order).

The Court invited Werner to file this motion after the last discovery dispute. (*See* ECF No. 25.) Accordingly, Werner was "substantially justified" in filing this motion even though it did not prevail, and the Court will not order payment of attorney's fees and costs to Plaintiffs. *See* Fed. R. Civ. P. 37(a)(5)(B).

## IV. Conclusion

For the reasons set forth above, the Court DENIES Werner's motion, ECF No. 30, and DENIES Werner's application for costs and attorney's fees. Werner is to produce failure information, specifically with respect to fractures in the rail, for the MT-13 and MT-17 designs for the past five years by January 7, 2022.

IT IS SO ORDERED.

Dated: December 8, 2021      s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                                       United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 8, 2021.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
